**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 16, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00039-CR

---

### IN RE BRADLEY JARED BARTON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1206429**

---

## MEMORANDUM OPINION

January 15, 2021, relator Bradley Jared Barton filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator asks this court to compel the Honorable Nikita Harmon, presiding judge of the 176th District Court of Harris County, to rescind the December 7, 2010 order granting the State's motion to restrict relator's privileges.

On January 26, 2021, the court issued an order advising relator that his petition does not comply with the Texas Rules of Appellate Procedure and providing notice that the court would dismiss the petition if the deficiencies were not cured. *See In re Barton*, No. 14-21-00039-CR (Tex. App.—Houston [14th Dist.] Jan. 26, 2021, order). Specifically, we explained to relator that his petition did not include (1) a certification that every factual statement in the petition is supported by competent evidence in the appendix or record; (2) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; or (3) an authenticated transcript of any relevant testimony from any underlying proceeding, including exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained of. *Id.* (citing Tex. R. App. P. 52.3(j), 52.7(a)(1), 52.7(a)(2)).

Relator has not cured the deficiencies. Relator has not included the required certification under Rule 52.3(j). *See* Tex. R. App. P. 52.3(j). Nor has relator provided a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding or any authenticated transcript of any relevant testimony from any underlying proceeding, including exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained of. *See id.* 52.7(a)(1), 52.7(a)(2).

Because relator's petition does not comply with the Texas Rules of Appellate Procedure, it is dismissed without prejudice to refiling.

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).